IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

MICHAEL P. STEWART, # 291-596      *

Petitioner                                          *

v                                                      *          Civil Action No. JKB-12-1585

BOBBY P. SHEARIN, Warden, et al.    *

Respondents                                      *

\*\*\*

## MEMORANDUM

Michael P Stewart is petitioning for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. (ECF No. 1). Respondents have filed an answer seeking dismissal of the petition as time-barred.[1] (ECF No. 15). The court now rules pursuant to Local Rule 105.6 (D. Md. 2011), no hearing deemed necessary.

## FACTS

In January of 2000, Stewart was convicted by a jury sitting in the Circuit Court for Baltimore City of felony murder, first-degree burglary, and armed robbery. On March 2, 2000, he was sentenced to serve life in prison without parole. (ECF No. 15, Ex. 1, 2, and 7). Stewart appealed his judgment of conviction to the Court of Special Appeals of Maryland, asserting only that "the trial court erred by admitting in the State's case the testimony of an expert consulted by the defense, but whom the defense did not [intend] to call as a witness, and in admitting into evidence the fact that the defense had consulted the expert." (ECF No. 15, Ex. 2 at 1). By unreported opinion filed on March 14, 2001, the Court of Special Appeals affirmed the judgment

---

[1] Consonant with *Hill v. Braxton*, 277 F.3d 701 (4th Cir. 2002), Stewart was granted an opportunity to explain why his petition should not be dismissed as time-barred or why principles of equitable tolling apply. (ECF No. 16). No reply has been filed.

of the trial court. Stewart's request for further review was denied by the Court of Appeals of Maryland on June 22, 2001. (ECF No. 15, Ex. 4).

## DISCUSSION

### (i) Limitations Period

A one-year statute of limitations applies to habeas petitions challenging a state court conviction. *See* 28 U.S.C. § 2244(d);[2] *Wall v. Kholi*, _ U.S _, S. Ct. 1278, 1283 (2011). The one-year period is tolled while properly filed post-conviction proceedings are pending and may otherwise be equitably tolled. *See* 28 U.S.C. § 2244(d)(2); *Harris v. Hutchinson*, 209 F.3d 325, 328 (4th Cir. 2000).

Under these circumstances, Stewart's conviction became final for direct appeal purposes and started running the one-year limitations period on September 20, 2001, when the time for

---

[2] This section provides:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of-
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) the time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

seeking review in the United States Supreme Court expired. *See* Sup. Ct. Rule 13.1 (requiring petition for a writ of certiorari to be filed within 90 days of the date of the judgment from which review is sought). Thus, Stewart had until September 20, 2002, to file a timely federal habeas corpus petition. Stewart did not file a federal habeas petition within the one-year time frame. Further, there were no properly filed state post-conviction or other collateral proceedings related to Stewart's case pending in state court to toll the limitations period. Consequently, the petition is untimely.

### (ii) Equitable Tolling

A petitioner is entitled to equitable tolling only if he shows that he has been pursuing his rights diligently, and an extraordinary circumstance stood in his way to prevent timely filing. *See Holland v. Florida*, 130 S.Ct. 2549, 2562 (2010) (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)). As noted, Stewart fails to allege any basis for equitable tolling. Accordingly, the court finds no grounds to warrant equitable tolling and shall dismiss the petition as time-barred.

### (iii) Certificate of Appealability

A prisoner seeking a motion to vacate has no absolute entitlement to appeal a district court's denial of his motion. *See* 28 U.S.C. § 2253(c) (1). "A [COA] may issue ... only if the applicant has made a substantial showing of the denial of a constitutional right." *Id.* at §2253(c)(2). The defendant "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," *Tennard v. Dretke*, 542 U.S. 274, 282, (2004) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484, (2000)), or that "the issues presented were 'adequate to deserve encouragement to proceed further,' " *Miller-El v. Cockrell*, 537 U.S. 322, 335-36, (2003) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 n. 4 (1983).

Where, as here, a district court dismisses a habeas petition solely on procedural grounds, a certificate of appealability will not issue unless the petitioner can demonstrate both "(1) 'that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right' and (2) 'that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.' " *Rose v. Lee*, 252 F.3d 676, 684 (4th Cir. 2001) (quoting *Slack*, 529 U.S. at 484 (2000)). Stewart has not made the requisite showing. There is no basis to grant a certificate of appealability.

## CONCLUSION

The court finds the petition untimely, and that there is no basis to apply equitable tolling. The petition shall be dismissed by separate order.

April 10, 2013
Date

James K. Bredar
United States District Judge